UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CADOURA,

        Plaintiff,

v.

        Case No.: 20-12986
        Honorable Gershwin A. Drain

THE CITY OF DETROIT,

        Defendant.
_____/

**OPINION AND ORDER DENYING RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS [#16], DENYING PARTIAL MOTION FOR RECONSIDERATION [#15] AND SETTING SCHEDULING CONFERENCE FOR APRIL 14, 2022 AT 9:30 A.M.**

**I.    INTRODUCTION**

Plaintiff Richard Cadoura filed the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Michigan's Elliot-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2101 *et seq*. On September 29, 2021, this Court entered an Order Denying the Defendant City of Detroit's Motion for Judgment on the Pleadings without prejudice. Specifically, the Court concluded supplemental briefing was required as to whether Plaintiff's Intake Questionnaire could be construed as a charge for exhaustion of administrative remedies purposes. ECF No. 13, PageID.99. Thereafter, Plaintiff filed a Motion

for Partial Reconsideration, requesting that the Court reconsider its September 29, 2021 decision and enter an order denying Defendant's Motion for Judgment on the Pleadings with prejudice. On December 10, 2021, Defendant filed a Renewed Motion for Judgment on the Pleadings. Plaintiff filed a Response on December 27, 2021. Defendant has failed to file a Reply in support of its renewed motion, and the time for doing so has expired.

Upon review of the parties' submissions, the Court concludes oral argument will not aid in the resolution of these matters. Accordingly, the Court will resolve the pending motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny both motions.

## II. FACTUAL BACKGROUND

In 1999, Plaintiff was hired by the Defendant City as a paramedic. In June of 2009, Plaintiff filed a lawsuit against Defendant for violations of Michigan's ELCRA. Plaintiff resigned from his position in 2013.

In 2017, Plaintiff applied for a paramedic position with the Defendant's Fire Department and his application was selected. Plaintiff was informed that he would be hired upon completion of a physical agility test. After Plaintiff completed his test, Defendant City advised Plaintiff that he would begin the fire academy on January 22, 2018. However, the week before Plaintiff was set to start at the

academy, Plaintiff's job offer was rescinded purportedly because of his previous anti-discrimination lawsuit against Defendant.

Plaintiff prepared an Intake Questionnaire with the Detroit field office of the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on August 6, 2020.  Plaintiff's Complaint alleges two counts for Title VII and ELCRA retaliation claims.

### III.  LAW & ANALYSIS

#### A.  Standard of Review

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *See Grindstaff v. Green*, 133 F. 3d 416, 421 (6th Cir. 1998).  Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right

3

to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*. at 1950.

The district court generally reviews only the allegations set forth in the

complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id*.

### B. Defendant's Renewed Motion

Defendant renews its Motion for Judgment on the Pleadings arguing Plaintiff failed to timely exhaust his administrative remedies, thus his Title VII claim fails as a matter of law. In this case, Defendant allegedly rescinded Plaintiff's offer of employment on January 21, 2018. Thus, Plaintiff had until November 17, 2018, or 300 days from January 21, 2018, to file his charge with the EEOC. Defendant argues Plaintiff cannot rely on his Intake Questionnaire to serve as his EEOC charge, because he did not file his Intake Questionnaire on October 24, 2018 as claimed. Defendant provides an EEOC "Charge Detail Inquiry" to assert the Plaintiff's initial inquiry with the agency was not until July 12, 2019.

Generally, for an aggrieved person to bring a Title VII action, he or she must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The 180-day filing period is increased to 300-days "[i]n a State that has an entity with the authority to grant or

seek relief with respect to the alleged unlawful practice, [and the] employee…initially files [with that State agency]." *AMTRAK. v. Morgan*, 536 U.S. 101, 109 (2002). Accordingly, "[i]n a deferral state such as Michigan, a charge of discriminatory conduct must be filed with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful act occurs." *Schoneboom v. Michigan*, 28 F. App'x. 504, 505 (6th Cir. 2002) (citing 42 U.S.C. § 2000e-5(e); *EEOC v. Commercial Office Products*, 486 U.S. 107, 124-25 (1988)). Under certain circumstances, an intake questionnaire counts as a charge to the EEOC. *See, e.g., Williams v. CSX Transp. Co*. 643 F.3d 502 (6th Cir. 2011); *Federal Express Corp. v. Holowecki*, 552 U.S. 339 (2008); *Burus v. Wellpoint Cos.*, 434 Fed. Appx. 475 (6th 2011).

Contrary to Defendant's argument, the record before the Court reveals that on October 24, 2018, Plaintiff's counsel faxed Plaintiff's Intake Questionnaire to the Detroit Field office of the EEOC and has attached proof of the same to this response. *See* ECF No. 18, PageID.189. The record also shows that the fax was received by the agency, per the fax confirmation. *Id*. Plaintiff verified and signed the form, which requested that the EEOC file a charge. Defendant's reliance on the EEOC's "Charge Detail Inquiry" is misplaced because Plaintiff submitted his verified Intake Questionnaire and requisite information in a timely manner. Whether the EEOC acted upon it promptly will not bar Plaintiff's suit. A filing

6

constitutes a charge if the submission can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Holowecki*, 552 U.S. at 402. Defendant does not assert Plaintiff's Intake Questionnaire cannot be construed as a request to take remedial action, or that it is unverified, rather Defendant seeks dismissal of Plaintiff's claim based on the agency's apparent inaction. The operative date is October 24, 2018, when Plaintiff requested the EEOC "activate its machinery and remedial processes." Defendant has failed to demonstrate relief under either Rule 12(c) or Rule 12(b) is warranted. Because the Court denies Defendant's Renewed Motion for Judgment on the Pleadings, Plaintiff's Motion for Reconsideration will be denied as moot.

## IV. CONCLUSION

Accordingly, Defendant's Renewed Motion for Judgment on the Pleadings [#16] is DENIED.

Plaintiff's Motion for Reconsideration [#15] is DENIED.

A scheduling conference will be held on April 14, 2022 at 9:30 a.m.

**So Ordered.**

Dated:  April 8, 2022 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
April 8, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager